UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS L. BEAUCHAMP<br><br>    Plaintiff,<br><br>v.<br><br>UNUM INSURANCE COMPANY,<br><br>Serve At:<br>Missouri Department of Insurance<br>Truman State Office Building<br>Room 530<br>P.O. Box 690<br>Jefferson City, MO 65102<br><br>Unum Insurance Company<br>2211 Congress Street<br>Portland, ME 04122<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Thomas Beauchamp, by and through counsel, and for his Complaint against Defendant states as follows:

1. At all times herein mentioned Plaintiff, Thomas Beauchamp, is and was an adult resident of the State of Missouri.

2. At all times herein mentioned, Plaintiff was acting within the scope of his employment as a firefighter with the Monarch Fire Protection District in St. Louis County, State of Missouri.

3. Defendant, Unum Insurance Company ("Unum") is a Maine corporation in good standing and licensed to do business in the state of Missouri.

4.       Jurisdiction is proper in this court pursuant to 28 U.S.C.A. § 1332, as diversity jurisdiction exists between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional amount of $75,000.

5.       Venue is proper in this court pursuant to 28 U.S.C.A. § 1391(a)(2), as Plaintiff resides in the State of Missouri and in this judicial district, and a substantial part of the events giving rise to Plaintiff's claim occurred within this judicial district.

**COUNT I**
**BREACH OF CONTRACT**

COMES NOW Plaintiff, and for his cause of action against UNUM, states and alleges as follows:

1.       Plaintiff is and was an insured under a disability policy issued by Defendant Unum through his employer, the Monarch Fire Protection District, as of May 1, 2017 and at all times relevant to this complaint.

2.       In the scope and course of his employment Plaintiff developed prostate cancer requiring surgical intervention and radiation therapy.

3.       Since January 15, 2019, Plaintiff has been unable to work in any capacity.

4.       On or about May 11, 2019 Plaintiff was notified by the Social Security Administration that he was entitled to monthly retirement benefits beginning in January 2019 in the amount of $3,124.00 and those benefits were issued.

5.       On August 15, 2019, Plaintiff filed a claim seeking long term disability benefits from Defendant Unum.

6.       On November 25, 2019 Plaintiff was awarded long-term disability benefits retroactively from August 2, 2019 to the present and in the monthly amount of $5,013.50.

7.       Defendant further determined Plaintiff's disability began on March 19, 2019.

8. On November 25, 2019 Defendant notified Plaintiff his monthly long-term disability would be reduced by his monthly social security retirement benefit of $3,124.00 beginning August 2, 2019, equating to a monthly benefit of $2,783.13.

9. Defendant's policy provides the following, "We will not reduce your payment by your Social Security retirement income if your disability begins after age 65 and you were already receiving Social Security retirement payments.

10. Prior to March 19, 2019 Plaintiff was sixty-eight (68) years old and receiving Social Security retirement payments.

11. On or about January 23, 2020, Plaintiff informed Defendant he was appealing the reduction of his disability benefits.

12. On or about January 31, 2020, Defendant upheld its determination of Plaintiff's monthly long-term disability rate of $2,783.13 a month.

13. Plaintiff complied with all of the applicable terms, conditions and provisions of the policies issued by Defendant Unum including exhausting all Defendant's internal appeals procedures, and is entitled to pay equating to $5,013.50 a month per the language of the policy.

14. Defendant has failed to pay the long-term benefits in compliance with their own policy, thereby breaching contractual obligations under the aforesaid policy or policies of insurance, all to the damage of Plaintiff.

15. As a result of Defendant's breach of contract, Plaintiff has been made to suffer a loss of monthly economic benefits, mental anguish, and pain and suffering.

WHEREFORE, Plaintiff prays for judgment against Defendant Unum Insurance Company, a Maine corporation, in an amount that is fair and reasonable in excess of $75,000,

together with his costs herein expended and for such other and further relief as this court deems just and proper under the circumstances.

### COUNT II
### VEXATIOUS REFUSAL TO PAY

COMES NOW Plaintiff, by and through counsel, and for his cause of action against Defendant, states as follows:

1.  Plaintiff hereby restates and reincorporates into Count II all facts and allegations contained in Count I, Paragraphs 1 through 15, of Plaintiff's Complaint.

2.  Plaintiff has provided Defendant with documentation supporting his right to the amount of 5,013.50 in monthly long-term disability benefits.

3.  Plaintiff's collective bargaining agreement, which was provided to Defendant, demonstrates that he is paid on an annual contract basis as defined by Defendant's policy. Despite these facts, Defendant has refused to adequately resolve Plaintiff's claim and pay him the proper amount of benefits owed to him under the contract and has failed and refused to provide a purported reason for refusing to disperse the proper amount of long-term benefit payments.

4.  The aforesaid conduct of Defendant, in attempting to avoid appropriate compensation of Plaintiff for his disability, pursuant to the contract, was and is without reasonable cause or excuse.

5.  Defendant's refusal to pay Plaintiff long-term disability benefits under the aforesaid policy of insurance was and is vexatious and without reason or excuse, in violation of § 375.420 RSMo.; thus Plaintiff is entitled to further damages of twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) due and owing Plaintiff and ten percent (10%) of the remaining amount due and owing Plaintiff, plus reasonable attorney's fees.

WHEREFORE, Plaintiff, respectfully requests the Court to enter judgment in his favor and against Defendants for such damages as will fairly and adequately compensate Plaintiff, for interest on said amount, including pre-judgment interest, as well as for his reasonable costs of Court fees.  Plaintiff further asks the Court to enter judgment against Defendant for vexatious penalties of twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) due and owing Plaintiff and ten percent (10%) of the remaining amount due and owing Plaintiff, for his reasonable attorney's fees to date, for further costs incurred herein and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF RICK BARRY, P.C.

By: /s/ Rick Barry_____
RICK BARRY, USDC # 2572
Attorney for Plaintiff
University Tower
1034 S. Brentwood Blvd. SUITE 1301
St. Louis, MO 63117
Phone: (314) 918-8900
Fax: (314) 918-8901
rickbarry@rickbarrypc.com